And turn to our next case, which is Jackson v. Marks. Let me just take a second so everybody can clear out. Thank you, Your Honor, and may it please the Court. My name is Matteo Godi, and I represent Ashan Jackson. This Court granted Mr. Jackson's motion to proceed in form of papyrus, and it appointed counsel to address the question of whether a prisoner's plausible allegations that he are suffering the symptoms of malnutrition because of the deprivation of food, that suffices to show imminent danger. In this case, Mr. Jackson alleged just as much. He claimed that for over one year, while incarcerated in a New York State prison, he was deprived of almost half of his weekly meals because of the prison's inability to adequately address his sincerely held religious beliefs. Even if we don't reach the conclusion that IFP should have been granted, isn't it your position that we should require the district court to consider the question? Yes, Your Honor. The district court did look at 1915G, the imminent danger issue, in four sentences. It didn't discuss the allegations that Mr. Jackson made in his complaint to any detail. The only thing the district court said is that there were no facts that allege imminent danger because the only allegation was a First Amendment violation. To that extent, we think that that holding is mistaken, but this court on appeal can address those issues under this court's precedent. In Chavez, for example, where in a similar fact pattern, the district court had denied IFP and had said that the allegations weren't sufficient, it looked at the allegations ... To follow up on Judge LaValle's question, it seems to me that not only did the district court deny the IFP, but dismiss the case without prejudice. One follows the other, I would think, if you don't pay the filing fee, but there was language about dismissing the case without prejudice under the three strikes rule. Yes, Your Honor. After a subsequent motion, the district court closed the case and said there were no grounds to appeal. To go back to what this court did in Chavez v. Chavez, the most recent 1915G precedent of this court, it looked at the district court's orders and the complaint, and then it granted IFP because there were pleadings of imminent danger. The idea behind that grant is that the 1915G was not enacted to create mini-trials over whether imminent danger actually exists. As this court has held, the inquiry into imminent danger shouldn't be a very long one and detailed. I'm just trying to figure out what relief you're requesting here. I take it your argument is, as you were just about to say, that the threshold here is very low for finding imminent injury, and that we should therefore conclude that the district court erred in applying the three strikes rule. Yes. And then we should, and the relief that this court should grant is to vacate and remand to the district court. Yes. And at that point, and I think this may have been Judge LaValle's question, the district, we're not to say you should grant IFP because maybe the complaint is frivolous for some other reason or whatever. What we should be saying is that the district court cannot deny IFP because of the three strikes rule. Is that the holding that you are asking us to make? If I may go to the first part of your question of whether this court should not grant IFP because the complaint might be frivolous, those are two different tools that Congress gave to district courts. Yeah, I understand. That's what I'm saying. In other words, it's not, the only thing that is before us, because the only ruling that the district court made, is that Mr. Jackson can't get IFP because of the three strikes rule. And so what you are asking us to do, I take it, is to say that is incorrect because he qualifies under the imminent danger to the three strikes. He may still ground out on the next pitch. We don't have that issue before us. No, so this court should grant IFP because that was the error that the district court made, but the district court might Does the district court ever consider any other rationales for, I mean, I assume that Mr. Jackson is in fact indigent, but we can't make that finding, or are we supposed to make that finding? That hasn't come up yet. No, Your Honor. He did file an IFP motion below, and this court then granted IFP status while he was incarcerated. Well, we did for here, but all I'm saying is, are you saying we're supposed to assess all the factors that go into whether IFP treatment should be granted and direct the district court to grant IFP, or only to say the reason that you denied IFP is incorrect? And if that's the only reason, then he gets IFP, but if there are other reasons, there are other reasons, and that's not before us. Yes, Your Honor, but to address what was being pointed out in your question on the Yes, I was an either-or question. Are we supposed to, are you asking us, A, to send it back and say, Judge McMahon, or maybe by that time Judge McMahon's successor as chief judge, grant IFP, or are you asking us to say, Judge McMahon, the reason you gave is wrong, if that's the only reason he gets IFP, but all we're saying is that reason was wrong? We would be happy with both, but I think the former is our preferred outcome. I understand it would be your preferred outcome. Why would that be the correct outcome? Did the district court actually address every other possible factor, address possible frivolity, address whether he actually made a showing of indigency, and say, gee, he's got all that, but he loses because of the three strikes rule, or did the district court not reach those other issues? So to go back to the idea that there are two tools at play here, the frivolity is not what is being considered under 1915G. That is a separate question. That's exactly my point. It's a separate question, and therefore, is it still a question that is open to the district court to consider, or is it a question that you think for some reason we should decide on our own? No, that question is still open for the district court, but that is not the reason to deny IFP. IFP status is granted under 1915G if there is a plausible allegation that imminent danger existed. Let me give you another example. He's out now. He's completed his prison term. He has to file an affidavit showing that he would qualify for IFP status. That would be another thing that the district court should look at if we agree with you on lifting the three strikes bar on the basis of imminent danger. We can't really grant IFP status in the district court. We can just say the reason you didn't give it previously is incorrect, but that's without prejudice from us, for you're analyzing the other factors that go into an IFP determination. Yes, Your Honor, but the other factors, as I was pointing out, do not deal with the merits of the case. This Court in Chavez has made clear that 1915G shouldn't be turned into a tool to address what is a proper grounds for dismissal under 1915E. That is a separate question that is subsequent to the granting of IFP or not under 1915G. Right, but it's a separate question that is still open to the district court to decide on remand. Yes, Your Honor, and so to the extent that 1915E is concerned, we think that that is a question that the district court did not address in their order. They only looked at 1915G. I think we're all on the same page here. Yes, it, and I have a further question about the risk of serious injury. I mean, the rule says unless the prisoner is under imminent danger of serious physical injury, does a mere allegation entitle him to the IFP, or does it trigger some kind of a hearing or some kind of investigation by the court into the question whether he is really under the risk of serious physical injury? So obviously a conclusory allegation of imminent danger without any other factual allegations would not be sufficient, and we think that that is clearly not what was happening in this case. If the district court felt that a hearing or that a request for a showing of cause is necessary, that would certainly be something that a district court can't do. But in this particular case, we think that the allegations that are shown at page 822 and 824 of the appendix, where Mr. Jackson claimed that from October 19th, 2015, up until the time in which he filed his complaint, he had been denied of half of his weekly meals, and that the prison had not addressed those complaints through the administrative process. We think that those allegations are sufficient. If the district court thought that those allegations were lacking, it could ask for a hearing, it could ask for additional showings of cause. But denying IFP status simply because the allegations are not sufficient without granting a leave to amend or doing other proceedings is improper. So do you think that in making this inquiry, the district court is bound to accept the truth of the allegations, for example, about being denied this many meals? Because that is not, as you say, a conclusory allegation, I'm in imminent danger, goodbye. That's I'm in imminent danger because these things happened. Yes. Now at that point, I take it your argument is the district court should, since those are specific factual allegations, not conclusory allegations of danger, the district court should take that as true, and the district court and we should then assess those allegations and decide if those things are true, then that's good enough to get you past this particular hurdle. Yes, Your Honor. That's what you're asking us to rule. Yes, and that is what this Court has done in its line of precedent in 1915g. It should read the allegations as true and in the most favorable light to a pro se prisoner, and it should draw all reasonable inferences that those facts support. And it is for those reasons that we ask that this Court vacates the judgment of the district court below and remains for further proceedings. Because I take it you would be very unhappy with, and you don't think it's something that the law requires, a ruling that the district court could now, at this IFP stage, I don't know why a district court that's busy with other things would want to do that, would then have a hearing and bring in Mr. Jackson and have him be cross-examined by somebody. There's nobody to cross-examine him because there's no adversary yet, or somehow subpoena people from the prison down to say, no, that's a lie. He got meals that met his . . . You're definitely shouldn't be doing that. No, and that was the purpose of Congress when it enacted the PLRA and when it enacted 1915g. It wasn't creating mini-trials over whether a procedural threshold is met. And so we don't think that those hearings are required, and the district court might, of course, want to have them if it so wishes. But if there are no further questions, I would like to ask that this Court vacates the judgment below and remains. Thank you.